# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 23, 2020

Lyle W. Cayce
Clerk

No. 20-20083
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PEDRO ZUNIGA GARCIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-718-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Pedro Zuniga Garcia pleaded guilty to illegally reentering the United States after removal or deportation. The district court sentenced him to 12 months of imprisonment and one year of supervised release. Zuniga Garcia argues that the district court erred by including in the written judgment a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20083

special work-authorization condition of supervised release that he claims was not orally pronounced at sentencing.

When a defendant challenges a condition of supervised release for the first time on appeal, the plain-error standard applies if he had notice of the condition and an opportunity to object in the district court. *See United States v. Diggles*, 957 F.3d 551, 559-61 (5th Cir. 2020) (en banc), *petition for cert. filed* (U.S. Sept. 24, 2020) (No. 20-5836). That standard "is 'difficult' to overcome; it requires a defendant to show an obvious error that impacted his substantial rights and seriously affected the fairness, integrity, or reputation of judicial proceedings." *Id.* at 559 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Here, Zuniga Garcia fails to show the first of the four plain-error hurdles for the same reason that plain-error review applies: the district court informed him of the work-authorization condition found in the presentence report's appendix by adopting that document, and he had an opportunity to object but failed to do so. *See Diggles*, 957 F.3d at 560.

The judgment of the district court is **AFFIRMED**.